# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 15-222V
### Filed: February 9, 2017

```
*   *   *   *   *   *   *   *   *   *   *   *   *
MELVIN KEITH CASTLE,                          *
                                              *        UNPUBLISHED
                Petitioner,                   *
                                              *        Special Master Gowen
v.                                            *
                                              *        Attorneys' Fees and Costs
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
                Respondent.                   *
                                              *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

<u>William E. Cochran, Jr.</u>, Black McLaren, et al., PC, Memphis, TN, for petitioner.
<u>Lara A. Englund</u>, United States Department of Justice, Washington, DC, for respondent.

## <u>DECISION ON ATTORNEYS' FEES AND COSTS</u>[1]

On March 4, 2015, Melvin Keith Castle ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.2 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that as a result of receiving a Tdap vaccine on January 24, 2014, he suffered neuropathy, thrombocytopenia, lymphadenopathy, central vestibular system impairment, and other injuries.  Petition at Preamble.  On December 1, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation.  A decision awarding compensation pursuant to the terms of the stipulation was issued December 2, 2016.

On February 6, 2017, petitioner filed a motion for attorneys' fees and costs, requesting $49,261.50 in attorneys' fees, $12,744.52 in attorneys' costs, for a total of $62,006.02 in attorneys' fees and costs.  Petitioner's ("Pet.") Motion ("Mot.") at 1, 11.  Pursuant to General order #9, petitioner states that he did not incur any litigation expenses pursing this case.  <u>Id.</u> at 3; Pet. Mot., Ex. 3.  Respondent filed a response to petitioner's application on February 7, 2017,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

stating that respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and that respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 2-3.

## I.    Reasonable Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Avera, 515 F.3d at 1347–48.  In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate.  Id. at 1348.  However, an exception to the forum rule applies where the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum.  Id. at 1349 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)).  The determination of reasonable attorneys' fees and costs is within the special master's discretion.  Saxton, 3 F.3d at 1520 (Fed. Cir. 1993).  Special masters may rely on their prior experience in reviewing fee applications.  See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502, at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

### i.    Hourly Rates

Petitioner requests the following rates:

William Cochran (partner):
    $335 (2014)
    $345 (2015)
    $355 (2016)
    $355 (2017)

Michael McLaren (partner):
    $395 (2014)
    $410 (2015)
    $425 (2016)

Rebecca Hinds (associate):
    $285 (2014)
    $295 (2015)

Chris Webb (associate):
    $295 (2015)
    $305 (2016)
    $305 (2017)

Shelly Bloor (paralegal):
    $130 (2014)
    $135 (2015)

Vickie Caudle (paralegal):
    $130 (2014)
    $135 (2015)

Carmen Garcia (paralegal, 1.5 years of law school):
    $130 (2014)
    $145 (2015)
    $150 (2016)

Laura Holford (paralegal):
    $130 (2014)

Samantha Ward (paralegal, J.D.):
    $145 (2015)
    $150 (2016)
    $150 (2017)

Pet. Mot. at 11; Pet. Mot., Ex. 2 at 1-21.[2]

---

[2] The rates listed here are those actually billed in counsel's billing statement.  See Pet. Mot., Ex. 2 at 1-21. The fee motion itself also contains two tables of rates.  See Pet. Mot. at 10-11.  The rates listed on the page 11 table are consistent with the rates in the billing statement.  The rates listed in the page 10 table,

The issue of whether Black McLaren attorneys are entitled to local or forum rates was recently decided by Chief Special Master Dorsey.  Henry v. Sec'y of Health & Human Servs., No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016.  In Henry, the Chief Special Master held that the Black McLaren firm should receive attorneys' fees at forum rates, noting that "[t]he applicable 2016 local attorney rates identified within this decision ($350, $300, $260) range from about 17-21% lower than the requested forum rates for the same attorney. This difference is much closer to the 18.5% differential identified in Garrison than it is to any of the fee differentials discussed in the applicable circuit precedents, which considered differentials of 59% and upward." Id. at *10 (referencing Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2016 WL 3022076 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), aff'd, 2016 WL 4784054 (Fed. Cl. Aug. 17, 2016).  Several Special Masters have adopted the reasoning set forth in Henry and have granted McLaren Black fees at the same hourly rates awarded therein.  See e.g. Rowden v. Sec'y of Health & Human Servs., No. 14-400V, 2016 WL 7785616 (Fed. Cl. Spec. Mstr. Dec. 22, 2016)(Special Master Roth finding Black McLaren entitled to forum rates, adopting reasoning in Henry); Pancoast v. Sec'y of Health & Human Servs., No. 15-718V, 2016 WL 7574815 (Fed. Cl. Spec. Mstr. Nov. 16, 2016) (Special Master Corcoran finding Black McLaren entitled to forum rates, adopting reasoning in Henry).  The undersigned likewise agrees with Chief Special Master Dorsey's analysis in Henry, and finds that petitioner has amply demonstrated that the local rates in Memphis are not very significantly different than the forum rates in Washington, D.C.

The rates requested in this case for 2014 through 2016 are consistent with the rates awarded in Henry, with the exception of the requested paralegal rate of $150 per hour for 2016, which the Chief Special Master in Henry reduced to $145 per hour.  2016 WL 7189925, at *11. The undersigned will apply the same reduction here.  Paralegals billed 16.70 hours of work in 2016, and the requested attorneys' fees will therefore be reduced by $83.50.  The undersigned also notes that associate Rebecca Hinds was not discussed in Henry or the cases awarding fees pursuant to Henry.  Ms. Hinds' time is billed at the same rate as Mr. Webb's.  However, while petitioner's fee motion includes information about Mr. Webb's experience, it does not discuss Ms. Hinds.  See Pet. Mot. at 8-9.  From a search of Black McLaren's website, it appears that Ms. Hinds is no longer with the firm.  See http://bmjrglaw.com/our-team/.  In the absence of any evidence regarding Ms. Hinds' years of experience, the undersigned will award Ms. Hinds fees at the lowest McCulloch rate for attorneys, which is $150 for attorneys with less than 4 years' experience.  2015 WL 5634323, at *19.  Ms. Hinds performed 1.30 hours of work in 2014 and 2.90 hours of work in 2015.  See Pet. Mot., Ex. 2 at 2-6.  Accordingly, the requested attorneys' fees will be reduced by $596.00.

Only Mr. Cochran, Mr. Webb, and Ms. Ward billed time in 2017, and the time billed by all three was minimal.  See Pet. Mot., Ex. 2 at 20.  Mr. Cochran and Mr. Webb billed their 2017 time at their 2016 rate, which the undersigned finds reasonable.  Ms. Ward billed at a rate of $150 per hour, which is the same paralegal rate requested but reduced as set forth above for 2016.  A rate increase to $150 per hour for 2017 from $145 per hour for 2016 represents

---

however, are not.  The rates discussed herein are the rates actually billed, and the undersigned does not opine on the reasonableness of the rates set forth in the page 10 table.

approximately a 3.4% increase, which the undersigned finds reasonable.  Accordingly, the 2017 rates will be awarded as requested.

### ii.   Hours Expended

Petitioner requests compensation for 4.80 hours of work performed by Mr. McLaren, 112.40 hours of work performed by Mr. Cochran, 2.30 hours of work performed by associate Chris Webb, 4.50 hours of work performed by associate Rebecca Hinds, and 45.50 hours of paralegal work.  See Pet. Mot.at 11.  On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable.

### iii.   Costs

Petitioner requests $12,744.52 in attorneys' costs.  Pet. Mot. at 1; Pet. Mot., Ex. 2 at 21-22.  The requested costs consist primarily of costs of obtaining medical records, the filing fee, FedEx costs, photocopies, travel expenses for a March 2015 client meeting, and the costs of experts.  See id.  The undersigned finds the requested attorneys' costs reasonable.

## II.   Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $61,326.52 reasonable.

Pursuant to 42 U.S.C. § 300aa-15(e), the undersigned awards attorneys' fees and costs as follows:[3]

> **(1) A lump sum of $61,326.52 in the form of a check payable jointly to petitioner and petitioner's attorney, William E. Cochran, Jr., of Black McLaren, et al., PC, for attorneys' fees and costs; and**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

Thomas L. Gowen
Special Master